UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHAWN VACTOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1249 (JEB) |
| | ) | |
| UNITED STATES PAROLE COMMISSION, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

In this action for a writ of habeas corpus filed on July 8, 2011, Petitioner alleges that he was arrested on May 25, 2011, on a violator warrant issued by the United States Parole Commission, but has yet to receive a probable-cause hearing. He contends that the Commission has violated its own rules and procedures by failing to hold a timely hearing, and he seeks his immediate reinstatement to supervised release.[1] Pet. at 2. The Commission counters that his claim is moot because, although delayed, a probable-cause hearing was held on Aug. 2, 2011, and a revocation hearing is set for next week. *See* Opp. at 3-4. In addition, no prejudice from the delay accrued to Petitioner. As the Court agrees, it will deny the petition and dismiss the case.

---

[1] The Commission assumed parole authority over District of Columbia prisoners on August 5, 1998. *See* D.C. Code § 24-131; *Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998); *Smallwood v. U.S. Parole Comm'n*, 777 F. Supp. 2d 148, 150 (D.D.C. 2011). It has "similar authority with respect to terms of supervised release imposed by the Superior Court of the District of Columbia." *Smallwood*, 777 F. Supp. 2d at 150 (footnote and citations omitted).

## I. Background

Petitioner pled guilty to cocaine distribution and, on October 11, 2005, was sentenced by the Superior Court of the District of Columbia to a prison term of 30 months, followed by a five-year term of supervised release. Opp., Exh. 1 (Judgment and Commitment Order). He began serving the supervised-release term on December 5, 2007. *See id.*, Exhs. 2, 3. On May 25, 2010, the Commission issued a violator warrant on the grounds that Petitioner had violated the terms of his supervision by his (1) "Use of Dangerous and Habit Forming Drugs," (2) "Failure to Submit to Drug Testing," and (3) "Failure to Report to Supervising Officer as Directed." *Id.*, Exh. 3 (Warrant and Warrant Application) at 4. On March 18, 2011, the Commission supplemented the warrant by adding a "Law Violation" charge in light of Petitioner's arrest on February 15, 2011, for possession with intent to distribute crack cocaine, marijuana, and amphetamines, and possession of drug paraphernalia. *Id.*, Exh. 5 (Supplement). On May 25, 2011, the Superior Court dismissed the foregoing charges for want of prosecution because the government's chemist was unavailable. *Id.*, Exh. 6 (Courtview Printout) at 1. The United States Marshal then executed the Commission's violator warrant the next day. *Id.*, Exh. 3 at 2.

Petitioner filed this action on July 8, 2011, from the District of Columbia Jail. On August 2, 2011, the Commission conducted a probable-cause hearing at which Petitioner was represented by counsel, found probable cause on all four of the violator charges, and scheduled a revocation hearing for the week of October 3, 2011. Opp., Exh. 7 (Hearing Digest); Exh. 8 (Courtview).

## II. Analysis

District of Columbia prisoners are entitled to habeas corpus relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or treaties of the

United States." § 2241(c)(3). Although he does not specifically say so in his petition, the Court may safely presume that Petitioner is claiming a due process violation in the Commission's failure to hold a probable-cause hearing within the requisite five days. *See Morrissey v. Brewer*, 408 U.S. 471, 485 (1972) ("[D]ue process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available.") (citation omitted); *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) ("Habeas relief pursuant to constitutional due process protections recognized in [*Morrissey*] is only available where a petitioner establishes that the Commission's delay in holding a revocation hearing was both unreasonable and prejudicial.") (citations omitted).

The applicable regulations state that "[a] supervised releasee who is retaken and held in custody in the District of Columbia on a warrant issued by the Commission, and who has not been convicted of a new crime, shall be given a probable cause hearing by an examiner of the Commission no later than five days from the date of such retaking." 28 C.F.R. § 2.214 (a). If probable cause is found, "the examiner shall schedule a final revocation hearing to be held within 65 days of the releasee's arrest." *Id*. It is undisputed that Petitioner had a probable-cause hearing on August 2, 2011, which is more than five days after his arrest on May 26, 2011, and is scheduled for a revocation hearing in early October, more than 65 days after the arrest.

The question, therefore, is whether such delay warrants a granting of Petitioner's request that he be released. The D.C. Circuit has made clear that the due process clause is violated only by a delay that is both unreasonable and prejudicial. *Sutherland*, 709 F.2d at 732; *see also Hill v. Johnston*, 750 F. Supp. 2d, 103, 106 (D.D.C. 2010) (finding "challenge to the timeliness of

3

[Petitioner's] revocation hearing … meritless" in the absence of "a showing that the delay both was unreasonable and actually prejudiced petitioner") (citing *Sutherland*).

A two-month delay in holding a probable-cause hearing is not p*er se* unreasonable. *See Morrissey*, 408 U.S. at 488 (two months from arrest to revocation hearing "would not appear to be unreasonable"); *Sutherland*, 709 F.2d at 732-33 (33-month delay not unreasonable where prejudice not shown); *Crum v. United States Parole Comm'n*, 814 F. Supp. 1, 3 (D.D.C. 1993) (delay in excess of 90 days not violative of due process where prejudice not shown). The Court concurs that a 63-day delay in the circumstances present here is not unreasonable absent any showing of prejudice.

Petitioner, however, claims that he did indeed suffer prejudice by the delay. More specifically, he claims in his Reply that "the delay has prejudiced the petitioner which has made it impossible to contact or locate witnesses and produce documents." *Id.* at 1. Such broad, unsupported allegations will not suffice. Petitioner never explains how a two-month delay hampered his ability to locate witnesses or find documents. He could have begun this effort after his arrest, and he does not claim that witnesses died or moved away in the intervening time. Indeed, the most logical inference would be that the additional time would have *assisted* his effort. In addition, at the probable-cause stage, the inquiry is merely whether sufficient evidence exists "to hold the parolee for the final decision of the parole board on revocation." *Morrissey*, 408 U.S. at 487. The contesting of evidence and "the opportunity to be heard and to show . . . that [the supervisee] did not violate the [release] conditions" are matters left for the revocation hearing. *Id*. at 488; *see id*. (explaining that revocation "hearing must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation"). In this case, Petitioner

appeared with counsel for the hearing, and the hearing officer found probable cause for each of the four violations. The Court, accordingly, cannot find that Petitioner was prejudiced by the two-month delay.

Where neither unreasonable delay nor prejudice exists, the appropriate remedy for a delayed hearing is "a writ of *mandamus* to compel the Commission's compliance with the statute[,] not a writ of *habeas corpus* to compel release on parole or to extinguish the remainder of the sentence." *Sutherland*, 709 F.2d at 732 (citations omitted). Now that the probable-cause hearing has been held and the revocation hearing has been scheduled for next week, Petitioner's claim for mandamus relief is moot. *See Colts v. U.S. Parole Comm'n*, 531 F. Supp. 2d 8, 11 (D.D.C. 2008) ("[B]ecause the USPC already has conducted both [probable cause and revocation] hearings, petitioner is not entitled to mandamus relief."); *see also West v. Horner*, 2011 WL 4071854, at *4 (D.D.C. Sept. 14, 2011) ("If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot.") (internal quotation and citation omitted); *Thomas v. U.S. Parole Commission*, 1992 WL 193695, at *3 (D.D.C. 1992) (case moot where petitioner, who complained of delayed revocation hearing, had since received it).

### III. Conclusion

For the foregoing reasons, the application for a writ of habeas corpus will be denied. A separate Order accompanies this Memorandum Opinion.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: September 29, 2011